JAMES PLYLER,

                Plaintiff,

vs.

JASON HAMILTON, ROBERT LAWRENCE, and LINDSEY M. TALLANT,

                Defendants.

3:23-cv-00280-MMS

**ORDER ON MOTION FOR LEAVE TO AMEND [38], TO STAY DEADLINE [39], AND TO AMEND ORDER [41]**

Before the Court are three motions by self-represented Plaintiff James Plyler. The first requests leave to amend his complaint.[1] The latter two request, with different phrasing, a stay of the briefing of the pending Motion for Summary Judgment.[2] Defendants responded in opposition.[3] Plaintiff did not reply. The Court did not hear oral argument because it finds that the filings are sufficient for it to render a decision on the motion. For the reasons stated below, the Motion for Leave to Amend is **GRANTED**, and the Motions to Stay and to Amend Order are **GRANTED in part and DENIED in part**.

//

//

---

[1] Dkt. 38.
[2] Dkts. 39 and 41.
[3] Dkt. 44.

## MOTION FOR LEAVE TO AMEND

Mr. Plyler requests leave to amend his complaint, referencing Federal Rule of Civil Procedure 15(a)(2).[4] He argues that this is his first request to amend, that he intends to both add a claim and remove a claim, minimizing the prejudice to the Defendants, and that failure to afford him the opportunity to add the claim would force him to file an additional lawsuit.[5] Defendants responded that the good cause standard, rather than the liberal F.R.C.P. 15 rule, should apply, that Mr. Plyler has not demonstrated the necessary diligence to be afforded this leave, and that it would be prejudicial to them.[6]

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading within 21 days of serving it or within 21 days of service of a required responsive pleading or "service of a motion under Rule 12(b), (e), or (f), whichever is earlier." "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[7] However, this is not the end of the inquiry. Federal courts also may require further action from the parties, such as a Rule 26(f) scheduling order. Once such an order has been posted, the deadlines therein, including the deadline to file amended pleadings, "may be modified only for good cause and with the judge's consent."[8] "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and

---

[4] Dkt. 38.
[5] *Id.* at 2.
[6] Dkt. 44.
[7] Fed. R. Civ. P. 15(a)(2).
[8] Fed. R. Civ. P. 16(b)(4); *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (applying the good cause standard rather than Rule 15(a)).

the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."[9] While courts are to consider prejudice to the opposing parties, "the focus of the inquiry is upon the moving party's reasons for seeking modification."[10]

Here, the deadline to file amended pleadings was September 26, 2024.[11] Accordingly, Plyler must demonstrate good cause. It appears that Plaintiff's proposed removed claim is for paragraph 48, pertaining to trigger finger.[12] Plaintiff had separately informed the Court of his intent to dismiss this claim.[13] It appears that his new claim pertains to "failure to follow the recommendation of [his] treating orthopedist specialist [sic] to provide him with a hip replacement surgery [. . .]"[14] He alleges that he "is actively being denied treatment which will substantially alleviate his chronic hip pain and is only being provided with treatments which have failed since 2014."[15] He alleges that the failure to follow the recommendation of his specialist occurred in 2025.[16] His original complaint refers to his injured hip and resulting chronic pain.[17]

The Defendants argue that Plaintiff has not shown the proper diligence to amount to good cause. However, while the Court agrees that Mr. Plyler's motion lacks some

---

[9] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).
[10] *Id.* at 609.
[11] Dkt. 11 at 1.
[12] Dkt. 1 at ¶ 48.
[13] Dkt. 36.
[14] Dkt. 38-1 at ¶ 49.
[15] *Id.* at ¶ 43.
[16] *Id.* at ¶¶ 31–37.
[17] *See, e.g.*, Dkt. 1 at ¶¶ 9–14, 42.

particularity, the substance of the requested new cause of action simply builds upon the allegation that Defendants were deliberately indifferent to his serious medical needs requiring his prior hip injury. Further, the additional allegations pertain to events that occurred beginning in February of 2025, though they refer to a denial and appeal process that may have made these allegations ripe much more recently. The Court is not sure that additional diligence on the part of the Plaintiff could have expedited this request. The new allegations pertain to him having received a recommendation for treatment that was subsequently denied, which is relevant to both these claims and the arguments made in the motion for summary judgment.

The Court is sympathetic to the Defendants' position. This case was filed over a year and a half ago, and they have filed a still-pending motion for summary judgment. Accordingly, the Court believes that it would be prejudicial to grant Plaintiff leave to amend at this time. However, Court agrees with Plaintiff that this would not be unduly prejudicial. Defendants should have in their possession most if not all the materials pertaining to the alleged administrative denial of treatment.

The primary consideration for good cause here is Plaintiff's reason for amendment, and because the Court finds the intervening circumstances to be relevant and Plaintiff's motion to not be impermissibly untimely for lack of diligence, it finds sufficient good cause to permit amendment.

//

//

//

# MOTIONS TO STAY CONSIDERATION OF MOTION FOR SUMMARY JUDGMENT

Plaintiff separately moved to stay the deadline for him to respond to the Defendants' Motion for Summary Judgment, requesting 60 days.[18] He separately moved to amend the Court's order directing a response.[19] Defendants did not respond. The Court will **GRANT in part and DENY in part**. As Plaintiff notes, his requested amendment relates only to the addition of one claim. This does not justify a wholesale extension.

# CONCLUSION

For the reasons set forth above, **IT IS SO ORDERED** that:

1) The Motion for Leave to Amend Complaint at Docket 38 is **GRANTED**;

2) The Motion to Deadline for Plaintiff to Respond to Defendants' Motion for Summary Judgment at Docket 39 is **GRANTED in part and DENIED in part**;

3) The Motion to Alter or Amend Order at Docket 41 is **GRANTED in part and DENIED in part;**

4) Plaintiff is directed to respond to the Motion for Summary Judgment, with the exception of the arguments made exclusively regarding his hip injury claim, no later than **September 19, 2025**;

5) The parties are directed to meet and confer and file a status report no later than **September 26, 2025**, suggesting deadlines for any new discovery necessary and further dispositive motions.

---

[18] Dkt. 39.
[19] Dkt. 41.

DATED this 5th day of September, 2025 at Anchorage, Alaska.

                                            /s/ Matthew M. Scoble
                                            MATTHEW M. SCOBLE
                                            U.S. MAGISTRATE JUDGE